**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

UNITED STATES OF AMERICA

v.                                                    CASE NO: 8:25-cr-150-CEH-NHA

RICKY AUGUSTOS BURTON, JR.

_____

## **ORDER**

This matter is before the Court on Defendant Ricky Augustos Burton's "Motion to Direct Appeal for Corrective Sentencing by Ineffective Counsel" (Doc. 78), which seeks post-conviction relief. The motion is in essence a motion to vacate under 28 U.S.C. § 2255. The Court, having considered the motion and being fully advised in the premises, will defer ruling on the motion to give Burton the opportunity to decide whether he wants to proceed under 28 U.S.C. § 2255 on the claims he raises in the instant motion (Doc. 78); to amend his motion to assert any additional claims under 28 U.S.C. § 2255 on which he wishes to challenge the conviction and sentence imposed upon him by this court; or to withdraw his motion.

## **DISCUSSION**

A May 20, 2025 Superseding Indictment charged Defendant Ricky Augustos Burton with possession of a firearm by a convicted felon (Count One) and possession with intent to distribute fentanyl (Count Two). Doc. 29. On October 7, 2025, Burton entered into a plea agreement in which he pleaded guilty to being a convicted felon in possession of a firearm. Doc. 50. On January 27, 2026, the Court entered Judgment

against Burton as to Count One of the Superseding Indictment and dismissed Count Two. Doc. 72. The Court sentenced Burton to 180 months' imprisonment and three years of supervised release. *Id.* On February 9, 2026, Burton filed a pro se motion titled "Motion for Summary Reversal Motion to Direct Appeal for Corrective Sentencing by Ineffective Counsel." Doc. 76. The pro se filing was construed and docketed as a Notice of Appeal. Doc. 76, 77.  On March 30, 2026, the Eleventh Circuit Court of Appeals dismissed Burton's appeal for want of prosecution. Doc. 81.

Now before the Court is Burton's pro se motion in which he challenges his conviction arguing that his defense counsel was ineffective for failing to challenge clear errors in the presentence investigation report and in failing to file an appeal on his behalf. Doc. 78. Additionally, Burton argues the District Court erred in computing his sentencing guidelines.

Because the instant motion challenges Burton's conviction in this criminal case, the motion is essentially a motion to vacate under 28 U.S.C. § 2255.[1] *See, e.g., Zamor v. United States*, 827 F. App'x 939, 944–45 (11th Cir. 2020) (no error in district court's characterization of post-conviction motion as a motion to vacate under § 2255 because it challenged the defense counsel's performance and the legality of defendant's conviction). However, the Court may not immediately process the motion as a § 2255 motion.

---

[1] To the extent that Burton's motion is another attempt at a notice of appeal, Burton is advised that his appeal (Case No: 26-10471) before the Eleventh Circuit Court of Appeals has been dismissed for failure to prosecute. *See* Doc. 81. Any relief related to reinstating that appeal must be directed to the Eleventh Circuit Court of Appeals.

*Castro v. United States*, 540 U.S. 375 (2003), instructs that a district court must advise a movant that it intends to recharacterize a criminal post-conviction motion as a § 2255 motion and warn the movant about the consequences of recharacterizing the motion as a motion seeking relief under § 2255. Therefore, in compliance with the requirements of *Castro*, the Court advises Defendant Burton of its intention to recharacterize his motion as a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. The Court cautions Mr. Burton that such recharacterization renders this motion and any subsequent § 2255 motion filed with this Court susceptible to each of the procedural limitations imposed upon § 2255 motions. Specifically, Mr. Burton is cautioned that the motion and any subsequent § 2255 motion shall be subject to the one-year statute of limitations and the successive petition bar applicable to post-conviction motions.

Accordingly, it is

**ORDERED:**

1.    Not later than **May 7, 2026**, Defendant Ricky Augustos Burton must advise this Court whether he seeks to do one of the following:

(a) Proceed under 28 U.S.C. § 2255 on those claims in his motion (Doc. 78);

(b) Amend his motion to assert any additional claims under 28 U.S.C. § 2255 on which he wishes to challenge the conviction and sentence imposed upon him by this court; or

(c) Withdraw his motion.

2.    Defendant Burton is cautioned that if he fails to file a timely response in compliance with this order, which requires that he advise the Court he wishes to do one of the above, this cause shall proceed as a separate civil action under 28 U.S.C. § 2255, with the Court considering only those claims in his original motion.

3.    The Clerk is directed to send a copy of the Court's form used for filing a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 with Defendant Burton's copy of this order.

**DONE** and **ORDERED** in Tampa, Florida on April 6, 2026.

Charlene Edwards Honeywell
United States District Judge

Copies furnished to:
Counsel of Record
Ricky Augustos Burton, pro se

4